UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Claudio E.A.S.,

        Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

        Respondents.

Civil No. 26-583 (DWF/DLM)

**MEMORANDUM OPINION AND ORDER**

# INTRODUCTION

This matter is before the Court on Petitioner Claudio E.A.S.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a response asserting authority to detain Petitioner under 8 U.S.C. § 1225(b)(2). (Doc. No. 4.) For the reasons set forth below, the Court grants the Petition and orders Respondents to release Petitioner immediately.

# BACKGROUND

Petitioner is a citizen of Ecuador and a resident of Brooklyn Park, Minnesota. (Doc. No. 1 ¶¶ 7, 17.) He has lived in the United States since approximately 2001. (*Id.* ¶ 17.) He has a nine-month-old child who is a United States citizen. (*Id.* ¶ 19.)

On January 22, 2026, as Petitioner was leaving a laundromat, he was arrested by U.S. Immigration and Customs Enforcement agents. (*Id.* ¶ 20.) No warrant was issued for his arrest. (*See id.*) Petitioner is not subject to an order of removal. (*Id.* ¶ 18.)

The current location of Petitioner is not known to the Court. He was first brought to the Whipple Federal Building in Minnesota. (*Id.* ¶¶ 7, 24.) He was then transferred to a facility in El Paso, Texas. (Doc. No. 4 at 2.) Respondents are now working with the Department of Homeland Security to return Petitioner to Minnesota. (*See id.* at 1-2.) Respondents requested 48 hours to update the Court on Petitioner's current location. (*Id.* at 2.)

The Petition was filed on January 23, 2026. (Doc. No. 1 at 15.) Petitioner asserts that his detention violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. (*Id.* ¶¶ 34-49.) He asks the Court to order his release, or alternatively, order the immigration court to hold a bond hearing. (*Id.* at 15.) On January 23, 2026, the Court ordered Respondents to answer the Petition by January 26, 2026, at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order. (Doc. No. 2.) Respondents timely filed a response. (Doc. No. 4.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896,

900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents submitted a response, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and reiterating arguments the Court has already considered and rejected. (*See* Doc. No. 4.) As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute. *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026). Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Here, Petitioner is not "arriving." He has been in the United States for twenty-five years. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here,

must have been served an arrest warrant prior to detainment.  8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases).  There is no evidence that Respondents had a warrant to arrest Petitioner.  And after being given the opportunity to explain the true cause of Petitioner's detainment and provide documents of such (*see* Doc. No. 2), Respondents did not do so, (*see* Doc. No. 4).  The Court therefore concludes that Petitioner was arrested without a warrant.  The remedy for a warrantless arrest is immediate release.  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention.  The typical remedy for such detention is, of course, release." (citation omitted)).

### ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately.  If Petitioner is not currently detained in Minnesota, Respondents are **ORDERED** to immediately return Petition to Minnesota and then immediately release Petitioner from custody.

4.       Within three (3) days of the date of this Order, the Government shall provide the Court with a status update confirming Petitioner's release and the location where he was released.

5.       Respondents are directed to release Petitioner with all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone, and without conditions such as ankle monitors or tracking devices.

6.       Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 28, 2026            s/Donovan W. Frank
                                                 DONOVAN W. FRANK
                                                 United States District Judge